UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HECTOR GUZMAN LOPEZ,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-03724-GJL<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Hector Guzman Lopez, through counsel, initiated this federal habeas action under 28 U.S.C. § 2241. Dkt. 1. Because the sole ground for relief raised therein is speculative and not ripe for adjudication, the Petition (Dkt. 1) is **DENIED without prejudice**.[1]

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper mechanism to challenge the legality of Petitioner's immigration detention. 28 U.S.C. § 2241(c)(3). However, it is not the proper vehicle to bring claims that are speculative or otherwise not ripe for review. *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (holding that the basic rationale of the ripeness doctrine is to "prevent courts, through premature

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 10.

adjudication, from entangling themselves in abstract disagreements"); *see Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (holding that district courts properly decline to issue advisory opinions or to declare rights in hypothetical cases rather than live cases or controversies).

As his sole ground for relief, Petitioner seeks an order prohibiting his transfer to another detention facility throughout his removal proceedings to preserve his access to retained legal counsel.[2] Dkt. 1 at 10–11. However, Petitioner does not allege that a transfer is planned or imminent, or that his access to counsel has otherwise been impaired. Rather, Petitioner merely speculates that a possible future transfer could interfere with his ability to communicate with counsel. *See* Dkt. 1. "[T]he importance of [a noncitizen's] right to counsel [in immigration proceedings], whether it is guaranteed by the Constitution or by Congressional action, cannot be overstated." *Usubakunov v. Garland*, 16 F.4th 1299, 1303 (9th Cir. 2021). Nevertheless, Petitioner's speculative concerns about a potential future transfer do not present a ripe controversy warranting judicial intervention.

Accordingly, the Petition (Dkt. 1) is **DENIED without prejudice**.

Dated this 21st day of October, 2026.

Grady J. Leupold
United States Magistrate Judge

[2] To the extent Petitioner wishes to raise additional claims, the appropriate course is to file a new petition in a separate action, not to file an amended petition in this action.